IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| AARON JELLEY, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| vs. | ) | Civil Action No. 18-97 |
| JUDGE ELIZABETH KELLY, | ) ) ) | Judge Cathy Bissoon |
| Defendant. | ) ) | |

## ORDER OF DISMISSAL

For the reasons that follow, this case will be dismissed, with prejudice, *sua sponte*, pursuant to the provisions of 28 U.S.C. § 1915, for lack of subject matter jurisdiction and failure to state a claim.

Having been granted leave to proceed *in forma pauperis* ("IFP"), *pro se* Plaintiff Aaron Jelley ("Plaintiff") is subject to the screening provisions in 28 U.S.C. § 1915(e). See Atamian v. Burns, 2007 WL 1512020, *1-2 (3d Cir. 2007) ("the screening procedures set forth in [Section] 1915(e) apply to [IFP] complaints filed by prisoners and non-prisoners alike") (citations omitted). Among other things, that statute requires the Court to dismiss any action in which subject matter jurisdiction is lacking and/or the plaintiff has failed to state a claim upon which relief may be granted. See Muchler v. Greenwald, 624 Fed. Appx. 794, 796-97 (3d Cir. 2015).

In his Complaint, Plaintiff alleges that Judge Elizabeth K. Kelly of the Erie County Court of Common Pleas committed "judicial malfeasance" by ordering him to pay "an egregious amount" of child support. (Doc. 4-2 at 1-2). Plaintiff seeks an order vacating Judge Kelly's child support order and forcing her to recuse from handling his ongoing child support proceedings. (Doc. 1-1 at 6).

Dismissal of Plaintiff's claims pursuant to Section 1915(e) is warranted for several reasons. First, Plaintiff's claims are barred by the Rooker-Feldman doctrine. Under Rooker-Feldman, "federal courts lack jurisdiction over suits that are essentially appeals from state-court judgments." Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3rd Cir. 2010). Application of the doctrine is narrowly restricted to "cases brought by state-court losers complaining of injuries caused by state-court judgments . . . and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005). In determining whether Rooker-Feldman applies to a particular claim or claims, the Third Circuit has established the following test:

> [T]here are four requirements that must be met for the Rooker-Feldman doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff "complain[s] of injuries caused by [the] state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments.

Great W. Mining, 615 F.3d at 166 (quoting Exxon Mobil, 544 U.S. at 284).

Plaintiff's complaints fall squarely within the scope of the Rooker-Feldman doctrine. He generally appears to allege that Judge Kelly committed fraud and malfeasance in the course of entering a child support order during Plaintiff's child support proceedings. (Doc. 5 at 1). The injury alleged by Plaintiff – the imposition of an excessive child support amount – flows directly from Judge Kelly's child support order, and his attempt to induce this Court to "terminate" that order is a clear invitation to "review and reject the state judgments." Great W. Mining, 615 F.3d at 166. Such an invitation must be declined. See Middlebrook at Monmouth v. Liban, 419 Fed. Appx. 284, 285-86 (3rd Cir. 2011) (observing that federal courts "cannot review proceedings conducted by a state tribunal to determine whether it reached its result in accordance with law").

Plaintiff's claims are also barred by the Younger abstention doctrine. Derived from the United States Supreme Court's decision in Younger v. Harris, the Younger doctrine compels federal courts to abstain from exercising jurisdiction where the federal adjudication would disrupt an ongoing state court proceeding. Younger, 401 U.S. 37, 43-44 (1971). Abstention is proper when: 1) the federal proceeding would interfere with an ongoing judicial proceeding; 2) important state interests are implicated in the state action; and 3) the state proceedings offer sufficient opportunity to raise the claims asserted in federal court. Anthony v. Council, 316 F.3d 412, 418 (3d Cir. 2003).[1]

Based on the allegations in the complaint, it appears that Plaintiff's state court proceedings remain ongoing and that he may not yet have exhausted all of his state court appeals. It is beyond dispute that custody and child support matters involve important state interests. Id. at 421-22 (noting that the state has "an overriding interest in ordering, monitoring, enforcing and modifying child support obligations"). Federal courts have universally held that state court appellate proceedings offer a sufficient opportunity to appeal adverse child support decisions. Id. at 422 (observing that child support claims can be raised during child support hearings and appealed through the state appellate system). For these reasons, abstention pursuant to the Younger doctrine is warranted. Lyman, 2017 WL 2813228, at *5 ("[B]ecause Pennsylvania courts have ongoing oversight over child support orders, Younger abstention prevents this court from deciding [plaintiff's] claims seeking injunctive and declaratory relief.").

---

[1] Third Circuit jurisprudence suggests that federal claims arising out of state child custody proceedings may implicate both the Rooker-Feldman doctrine and Younger abstention. See Lyman v. Philadelphia Court of Common Pleas, 2017 WL 2813228, at *4 (E.D. Pa. June 29, 2017) (collecting cases).

Finally, it is axiomatic that suits against a state are barred by the Eleventh Amendment.[2] Alabama v. Pugh, 438 U.S. 781, 781-82 (1978). As a common pleas judge, Judge Kelly is considered to be an arm of the State of Pennsylvania and is entitled to Eleventh Amendment immunity with respect to any claims against her in her official capacity. Van Tassel v. Lawrence Co. Domestic Relations Section, 659 F.Supp.2d 672, 676-82 (W.D. Pa. 2009), *aff'd*, 390 Fed. Appx. 201 (2010) (recognizing that Pennsylvania common pleas judges are entitled to Eleventh Amendment immunity with respect to official capacity claims). Because Eleventh Amendment immunity attaches to the actions taken by Judge Kelly in her official capacity, Plaintiff's claim must be dismissed.[3]

For the reasons stated above, this case is **DISMISSED** with prejudice under 28 U.S.C. § 1915(e)(2)(B).

IT IS SO ORDERED.


March 24, 2018
                                          s/ Cathy Bissoon
                                          Cathy Bissoon
                                          United States District Judge


cc (via First-Class U.S. Mail):

AARON JELLEY
3116 Haskell Road
North East, PA 16428

---

[2] Although a state may expressly waive Eleventh Amendment immunity, "Pennsylvania has not waived its immunity from suit in federal court." See Toth v. California Univ. of Pennsylvania, 844 F.Supp.2d 611, 648 (W.D. Pa. 2012) (citing 42 Pa.C.S.A. § 8521(b)). Nor did Congress intend to abrogate the traditional sovereign immunity afforded to the states by enacting 42 U.S.C. § 1983. Id. at 648.

[3] Plaintiff's Motion for Service by U.S. Marshal (Doc. 5) will be dismissed as moot.